# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. LINCOLN, | No. 2:16-cv-1241-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 21, 22. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's motion is granted.

I. BACKGROUND

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since July 1, 2013. Administrative Record ("AR") 213-28. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 144-48, 152-57. On December 4, 2015, a hearing was held before administrative law judge ("ALJ") Christopher Knowdell. *Id.* at 32-59.

1

Plaintiff had a non-attorney representative at the hearing, at which plaintiff and a vocational expert testified. *Id.*

On January 19, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 16-26. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.

2. The claimant has not engaged in substantial gainful activity since July 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairment: lumbar disc disease with radiculopathy, left shoulder impingement, and emphysema (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can frequently push/pull with the left, non-dominant upper extremity. He can occasionally work overhead with the left upper extremity. He can frequently crawl and climb ladders, ropes and scaffolds. He must avoid concentrated exposure to odors, fumes and other pulmonary irritants.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born [in] 1954 and was 59 years old, which is defined as an individual of advanced age, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching retirement age (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 18-25.

3

Plaintiff's request for Appeals Council review was denied on April 11, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). ECF No. 13 at 15-22.

III. ANALYSIS

Liberally construed, plaintiff's motion for summary judgment argues that the ALJ erred by rejecting the opinions of plaintiff's treating physicians. ECF No. 21 at 1. Additionally, plaintiff also appears to argue, without elaboration, that the evidence of record does not support the ALJ's finding that he is not disabled.

A. The ALJ Properly Assessed the Medical Opinion Evidence

Plaintiff first contends that the ALJ erred by according little weight to his treating physicians. ECF No. 21 at 1. According to plaintiff, his physicians reviewed his medical history and concluded that he has been unable to work since July 1, 2014. *Id.*

The record, however, does not contain an opinion from any of plaintiff's treating physicians regarding his functional limitations. *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restriction."). Nor did any of his treating physicians conclude that he was disabled as of July 1, 2014. The only medical opinions addressing plaintiff's physical limitations were provided by Dr. M. Acinas and Dr. C.R. Dann, both state agency non-examining physicians.[2] AR 73-75, 92-95, 115-117, 134-36. Based on their review of plaintiff's medical records, these physicians opined that plaintiff was at least capable of performing a wide range of medium work. *Id*.

As plaintiff's treating physicians did not provide an opinion, plaintiff has failed to show that the ALJ erred in assessing the opinion evidence.

### B. The ALJ's Did Not Err in Finding Plaintiff was not Disabled

Plaintiff also generally contends that that ALJ's finding that he is not disabled is contrary to medical evidence of record. ECF No. 21 at 1. Plaintiff, however, does not cite to any specific evidence in support of his position, nor does he challenge any particular finding by the ALJ. Instead, he merely concludes that he provided the "Social Security [Administration] and the court clear and convincing evidence in support of [his] case." *Id*.

Although the court is required to liberally construe a pro se litigant's filings, a pro se litigant is still required to establish his right to summary judgment. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). By not advancing any particular argument as to how the ALJ erred, the court is unable to grant summary judgment in plaintiff's favor. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving a disability."); *Indep. Towers of Wash. V. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (the court "cannot

---

[2] The record also contains two non-examining opinions addressing plaintiff's mental function (AR 75-76, 95-97, 117-20, 136-39). However, at the administrative hearing plaintiff testified he no longer had depression or anxiety, and he did not contend that he was disabled due to due to mental impairments. AR 47.

manufacture arguments for an appellant . . . ."); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to develop his argument rendered it incapable of assessment by the court); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address whether the ALJ properly rejected claims of memory problems because the plaintiff "failed to argue this issue with any specificity in his briefing.").

Nonetheless, the court has independently reviewed the administrative record and finds that the ALJ's decision is supported by substantial evidence and that the proper legal standards were applied. Plaintiff claimed that he was unable to work due to lung problems, chronic back pain that radiates down his right leg, left shoulder pain, and cataracts. AR 42, 44-46, 245. He testified that he could slowly lift his left extremity above his head, but only with pain. *Id*. at 45-46. He also claimed that he could only sit for 15 minutes, stand for 15-20 minutes, walk about 50 feet before getting winded, and lift no more than 8 pounds. *Id*. at 44, 46-47.

The ALJ found that plaintiff's subjective complaints regarding his physical limitations were not fully credible for a number of reasons. First, the ALJ's properly concluded that plaintiff's cataracts were not a severe impairment. *Id*. at 19; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c) (a severe impairment is one that "significantly limits" a claimant's physical or mental ability to do basic work activities."). As observed by the ALJ, treatment records reflect that plaintiff retained 20/40 vision bilaterally with corrective lenses, eye dryness and vision improved with artificial tear drops, and he maintained the ability to watch television, use a computer, and drive a car. *Id*. at 36, 41-42, 46, 338-40, 350.

With respect to plaintiff's emphysema, substantial evidence supports the ALJ's finding that it required only conservative treatment and that it was effectively controlled with medication. *Id*. at 22; *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of "conservative treatment" is "sufficient to discount a claimant's testimony regarding severity of an impairment."); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (reasoning that a favorable response to conservative treatment undermines complaints of disabling symptoms). A CT scan of plaintiff's chest from June 2014,

showed severe centribolular and paraseptal emphysema with severe bulla formation. AR 361-62. Plaintiff was prescribed an inhaler and advised to quit smoking. *Id*. at 354, 398. In September 2014, plaintiff was positive for chronic cough and dyspnea, but his oxygen saturation level was 98 percent and he had normal respiratory rate, pattern, and breath sounds without rales, rhonchi, wheezes, or rubs. AR 375-76, 398. A pulmonary function test performed two months later showed only mild obstructive airway deficits. AR 398. Significantly, in August 2015, plaintiff denied cough, dyspnea, and hemoptysis (*id*. at 551) and an examination conducted two months later found that his lungs sounded clear. *Id*. at 575.

As for complaints of shoulder pain, substantial evidence supports the ALJ's finding that plaintiff responded favorably to treatment. Plaintiff first presented with shoulder pain in September 2014, and underwent arthroscopic surgery in February 2015. AR 375, 490. At his post-op examination, plaintiff reported he was doing well and that his pain had improved. *Id*. at 515. He had a good range of motion and only a "little bit of tenderness," which was noted to be consistent with having recent surgery. *Id*. Notably, subsequent medical records do not document complaints of shoulder pain or further treatment of any shoulder issues. *See id*. at 518-36, 575-74,

Lastly, the ALJ permissibly determined that plaintiff's complaints of debilitating back pain were not fully credible due to plaintiff receiving only conservative treatment and a lack of supporting objective medical evidence. *Id*. at 23; *See Parra*, 481 F.3d at 750-51; *Burch*, 400 F.3d at 681 (while an ALJ may not rely solely on a lack of objective medical evidence to support an adverse credibility finding, it is a relevant consideration in assessing credibility). Plaintiff's back pain was treated with pain medication and, as observed by the ALJ, plaintiff was not prescribed steroid injections, physical therapy, chiropractic adjustments, acupuncture, or surgery. *See Jones v. Comm'r of Soc. Sec.*, 2014 WL 228590, at *7–10 (E.D. Cal. Jan. 21, 2014) (affirming ALJ's finding that plaintiff received conservative treatment, which included physical therapy, anti-inflammatory and narcotic medications, trial epidural steroid injections, and massage therapy); *Higinio v. Colvin*, 2014 WL 47935, at *5 (C.D. Cal. Jan. 7, 2014) (finding plaintiff's overall treatment was conservative where plaintiff had been prescribed narcotic medication at various

times, but was also treated with a back brace and heating pad). Accordingly, the ALJ did not err in discounting plaintiff's subjective complaints.

Furthermore, the ALJ's RFC is supported by the opinions provided by non-examining physicians Dr. Acinas and Dr. Dann. Their opinion are consistent with medical records discussed above and constitute substantial evidence supporting the ALJ's decision. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a) (findings by state agency physicians constitute proper evidence from non-examining sources); SSR 96–6p ("State agency medical . . . consultants are highly qualified physicians...who are experts in the evaluation of the medical issues in disability claims."); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("opinions of nontreating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"). Although Dr. Acinas did opine that plaintiff could not lift overhead with his left upper extremity—an opinion that was not included in the ALJ's RFC determination—that opinion was rendered one month prior to plaintiff's successful shoulder surgery and without reviewing the subsequent records reflecting resolution of plaintiff's shoulder issues. Accordingly, the ALJ properly declined to adopt that opinion in assessing plaintiff's RFC.

Based on the foregoing, the court finds that the ALJ's decision is supported by substantial evidence and free from legal error.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor and close the case.

DATED: September 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8