UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. LINCOLN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1241-EFB<br><br><br><br>ORDER |

Plaintiff, proceeding pro se, filed this action seeking judicial review of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The court previously denied plaintiff's motion for summary judgment, granted the Commissioner's cross-motion for summary judgment, and entered judgment against plaintiff. ECF Nos. 27 & 28. Plaintiff now seeks reconsideration of the order denying his motion for summary judgment. ECF No. 29.

Federal Rule of Civil Procedure 60 provides that a court may relieve a party of a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3)

1

if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

Plaintiff's motion merely states that he disagrees with the court's decision, and that he has new medical information that was not previously considered.[1] ECF No. 29 at 1. Plaintiff, however, does not present any specific arguments demonstrating that the court erred in denying his motion for summary judgment. Accordingly, his motion for reconsideration must be denied.

Plaintiff also requests that if his motion for reconsideration is denied, his filing be construed as a notice of appeal. *Id*. That request is granted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 29) is denied; and

2. Plaintiff's motion is also construed as a notice of appeal, and the Clerk is directed to process plaintiff's appeal.

DATED: April 21, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does not submit the purported new medical information. Nor has he demonstrated that the court could properly consider such information. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000) ("As in other administrative law contexts, judicial review in cases under the Social Security Act is limited to a review of the administrative record for a determination of whether the Commissioner's decision is supported by substantial evidence in the record.").

2